**Opinion filed January 30, 2009**



**In The**

# Eleventh Court of Appeals

_____

## No. 11-07-00242-CR

_____

## QUINCY RICHARDSON, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from 268th District Court**

**Midland County, Texas**

**Trial Court Cause No. CR32733**

### M E M O R A N D U M   O P I N I O N

Quincy Richardson was convicted of possession of a controlled substance, namely cocaine, in the amount of less than one gram. The trial court sentenced him to confinement for one year in the Texas Department of Criminal Justice, State Jail Division. That sentence was suspended, and appellant was placed on community supervision for three years. We affirm.

*Background Facts*

Officer Neil Truex testified that he was conducting surveillance in a known area for open air trafficking of narcotics called the "flats." Officer Truex testified that open air trafficking of narcotics

is when a "car will pull up along a curb, the dealer will run out to the car, make contact with the driver or the passenger or whoever. They'll do a hand-to-hand exchange of narcotics for money." Officer Truex further testified that, when he conducts surveillance, he watches for vehicles that pull up, park along the curb, and stay for a couple of minutes at most. This shows him that there was not enough time to go into a business and that they are just there to buy drugs.

On the night of the incident, Officer Truex observed suspicious behavior by appellant consistent with an open air drug deal. He testified that he observed the driver of a white pickup park the pickup along the curb for a few minutes and then leave. Officer Truex followed the vehicle as it left the "flats." Officer Truex observed the driver of the vehicle make an illegal wide right turn, and he activated his flashing lights to stop appellant. Officer Truex stated that the driver of the vehicle traveled on for a few blocks before he stopped. Officer Truex testified that he identified appellant in the vehicle, that he asked for consent to search the vehicle, and that appellant gave him consent. Officer Truex testified that the whole pickup had computer parts and papers in it. He stated that, under the papers on the passenger seat, he found a substance that later tested positive for crack cocaine.

At trial, appellant stipulated to the fact that the substance found was crack cocaine. The only thing he contested at trial was possession. Appellant testified that he parked his vehicle, left it running, and left the windows down. He went into one of the bars, bought a beer, and left with it. Appellant testified that in the past he has seen people throw things in the back of a pickup when the police run up on them and that he has seen someone throw crack into somebody else's vehicle. He further testified that he did not purchase crack cocaine and that he did not know that there was anything in his vehicle.

### Issue on Appeal

Appellant asserts in one issue that the evidence was legally and factually insufficient to establish that he was guilty of possessing cocaine.

### Standard of Review

In order to determine if the evidence is legally sufficient, we review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307,

319 (1979); *Jackson v. State*, 17 S.W.3d 664, 667 (Tex. Crim. App. 2000). The factfinder is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Adelman v. State*, 828 S.W.2d 418, 421 (Tex. Crim. App. 1992). The factfinder may choose to believe or disbelieve all or any part of any witness's testimony. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986).

To determine if the evidence is factually sufficient, the appellate court reviews all of the evidence in a neutral light. *Watson v. State*, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006) (overruling in part *Zuniga v. State*, 144 S.W.3d 477 (Tex. Crim. App. 2004)); *Johnson v. State*, 23 S.W.3d 1, 10-11 (Tex. Crim. App. 2000); *Cain v. State*, 958 S.W.2d 404, 407-08 (Tex. Crim. App. 1997); *Clewis v. State*, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). Then, the reviewing court determines whether the evidence supporting the verdict is so weak that the verdict is clearly wrong and manifestly unjust or whether the verdict is against the great weight and preponderance of the conflicting evidence. *Watson*, 204 S.W.3d at 414-15; *Johnson*, 23 S.W.3d at 10-11.

*Analysis*

In a possession of a controlled substance case, the State must show that the accused exercised control, management, or care over the substance and that the accused knew the matter possessed was contraband. The evidence must establish that the defendant's connection with the drug was more than fortuitous. *Evans v. State,* 202 S.W.3d 158, 161 (Tex. Crim. App. 2006). If the accused was not in exclusive possession of the contraband, the State is required to present evidence affirmatively linking him to it. *Poindexter v. State*, 153 S.W.3d 402, 406 (Tex. Crim. App. 2005). This is the affirmative links rule that protects the innocent bystander from conviction merely because of his proximity to someone else's drugs. *Evans*, 202 S.W.3d at161-62. Mere presence at the location where drugs are found is insufficient, by itself, to establish actual care, custody, or control of those drugs. *Id*. However, presence or proximity, when combined with other evidence, may well be sufficient to establish that element beyond a reasonable doubt. *Id.*

The evidence shows that appellant was the driver and the only person in the vehicle when the search was conducted. Appellant was in close proximity to the drugs that were found on the passenger seat. Officer Truex testified that appellant's actions at the area known as the "flats" were consistent with the actions of an open air drug deal. The jury was free to disbelieve appellant's

testimony about someone dropping the drugs into his vehicle while he went into the bar. There was legally and factually sufficient evidence to show that appellant was in possession of the crack cocaine. We overrule appellant's issue on appeal.

*Holding*

We affirm the judgment of the trial court.


RICK STRANGE

JUSTICE


January 30, 2009

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

4